IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| BRADLEY GOODRICH, ) <br> Guardian Ad Litem for K.O. (minor child) ) <br> Regarding Deceased Other ) <br> Richard A. Ochoa on Behalf of K.O., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br>     Defendant. ) | No. 1:12-cv-00344-GCM |

**ORDER WITH REMAND PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. SECTION 405(g)**

The Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing her decision with remand of the cause for further administrative proceedings.

Upon remand by this Court, the Appeals Council will remand this matter to the Administrative Law Judge ("ALJ"). Upon remand, the ALJ shall be instructed to conduct a new hearing and issue a new decision based on the total record. The ALJ will be directed to: further consider Plaintiff's residual functional capacity and, in so doing, reevaluate the treating source, non-treating source, and non-examining source opinions, indicating the reasons for the weight given to such opinion evidence and resolving any inconsistencies between the assessed residual functional capacity and the evidence upon which it is based.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence

four of 42 U.S.C. section 405(g), and in light of the Commissioner's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g), with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA").

SO ORDERED.

Signed: June 24, 2013

Graham C. Mullen
United States District Judge