# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

|  |  |  |
|---|---|---|
| BRADLEY GOODRICH on behalf of | ) | |
| K.O. (minor child) regarding | ) | |
| Richard Ochoa, dec'd., SSN: -4520, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL NO. 1:12-CV-344** |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN[1], | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**THIS MATTER IS BEFORE THE COURT** upon Plaintiff's Consent Motion for

Attorney's Fees (Doc. No. 16) filed on September 19, 2013. The parties agree in this case that

Plaintiff should be awarded an attorney's fee under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412(d), in the amount of **$5,114.69**, fees in the amount of **$350.00** and mailing

expenses in the amount of $**17.85**.

      **IT IS THEREFORE ORDERED** that Plaintiff's Consent Motion for Attorney's Fees

(Doc. No. 16) is **GRANTED** to the extent that the Court will award attorney fees in the amount

of $5,114.69, fees in the amount of $350.00, and mailing expenses in the amount of $17.85, and

that pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the fee award will first be subject to offset

of any debt Plaintiff may owe to the United States. The Commissioner will determine within 30

---

[1]       Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. Pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action need be taken to continue this suit.

days of this Order whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**SO ORDERED.**

Signed: December 2, 2013

Graham C. Mullen
United States District Judge